### McNAB *v.* COMMON COUNCIL OF BAY CITY.

PUBLIC OFFICERS—POLICE MATRON—PROBATIONARY APPOINTMENT —REMOVAL—LEGALITY.

Where the appointment of a police matron by a board of police commissioners was expressly made "on probation, during the pleasure" of the commissioners, the appointee could not contest the legality of her subsequent removal on the ground that there was no written order stating the cause of removal, as required by Act No. 109, Pub. Acts 1897, § 2, in the case of a regular appointee.

*Certiorari* to Bay; Maxwell, J.   Submitted October 3, 1900.   Decided October 31, 1900.

*Mandamus* by Catherine McNab to compel the common council of the city of Bay City to audit and allow a claim

for services as police matron. From an order granting the writ, respondent brings *certiorari*. Reversed.

*James Van Kleeck*, for relator.

*Brakie J. Orr*, for respondent.

Montgomery, C. J. This is *certiorari* to review *mandamus* proceedings. The relator sought and obtained a peremptory writ of *mandamus* to compel the common council to audit and pay her claim for compensation for services as police matron for the month of October, 1899. The petition for *mandamus* set up the relator's appointment by the board of police commissioners as police matron; that an attempt was made to remove her, but that no legal cause for such removal was assigned by the board, and that she had had no hearing, and has not been removed by the board of police commissioners.

The statute provides for the appointment of a police matron. Act No. 109, Pub. Acts 1897. The first section provides that the board of aldermen, or, in cities having a police commission, the police commission, shall designate one or more station houses, or a separate department in any such station house or county jail, for the detention of women and children under arrest. Section 2, in its main provisions, reads as follows:

"Immediately upon such designation of a station house in any city, the mayor thereof, or, in counties where the prisoners of the county seat as a city are confined in the county jail, the sheriff, shall appoint for each station house so designated one or more respectable women, none of whom shall be under twenty-five years of age, who shall be known as police matrons. No woman shall be appointed police matron unless recommended for such office in writing by at least twenty women in good standing, and residents in the city in which such appointment is made. The police matron shall not be appointed for any definite term, but shall hold office until removal. She may be removed at any time for cause by the mayor, or, in cities having a police commission, by said commission, or, in county jails where appointed by the sheriff, by said sher-

iff, by a written order stating the cause of removal. Upon the death, resignation, or removal of a police matron, her successor shall be appointed in the manner aforesaid as soon as may be: *Provided*, that, in cities having a board of police commissioners, the appointment of such police matron shall be made by such board, or, in counties where the prisoners of the county seat as a city are confined in the county jail, the sheriff of said county shall appoint said matron."

The answer of respondent denies that any designation of separate departments of the station house for the detention of women and children has been made, and sets up that Bay City is the county seat of Bay county, and that the prisoners of the county seat as a city are confined in the county jail. It is contended that, as no issues were framed, the answer must be taken as true, and that there is no authority to appoint a police matron until there has been a designation of a department of a station house for the detention of women and children under arrest; and, further, that, under the statute, the authority to appoint a police matron is given to the sheriff, and not to the police commissioners, when the prisoners of a city are confined in a county jail.

We prefer, however, to rest our decision on other grounds. The record shows that on the 3d day of February, 1898, relator was, by a vote of the board of commissioners, appointed police matron; that at the same meeting it was voted that her appointment be merely on probation, and during the pleasure of the board, and that the appointment take effect at a future day, to be fixed by the board. On the 9th of June following, the relator addressed a letter to the commissioners, stating that she had been appointed on February 3d, "the appointment being merely on probation, during the pleasure of, and to take effect at a future date to be fixed by, the board," and asking the board to confirm her appointment, and to fix a day for entering upon the duties of her office. The board assigned her to duty to begin June 13, 1898. The board subsequently dispensed with her services, and later on

appointed another.    Can the relator insist that this power was not reserved?    It is undoubtedly true that the statute contemplates an appointment until removed for cause; but the relator was not given such an appointment, but a probationary appointment during the pleasure of the board only, and accepted such appointment, and asked to be assigned to duty under such an appointment and no other. If there was irregularity in the appointment, the relator was not compelled to accept it, and we do not think she is in a position to now assume an entirely different character of appointment.

The order will be reversed.

The other Justices concurred.